﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190619-56781
DATE: August 31, 2020

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), generalized anxiety disorder (GAD), and depression, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1978 to July 1990. 

A rating decision was issued under the legacy system in December 2017 and the Veteran submitted a timely notice of disagreement in March 2018. In May 2019, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a June 2019 VA Form 10182, Decision Review Request: Board Appeal, identifying the May 2019 SOC. Therefore, the May 2019 SOC is the decision on appeal. 

In the June 2019 VA Form 10182, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the May 2019 SOC, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303. In a February 2020 letter sent to the Veteran, the Board acknowledged the receipt of the appeal.

1. Entitlement to service connection for an acquired psychiatric disorder, to include PTSD, GAD, and depression, is remanded.

The issue on appeal is remanded to correct a duty to assist error that occurred prior to the May 2019 decision on appeal. The AOJ obtained an April 2017 VA examination report/medical opinion prior to the May 2019 decision on appeal. The April 2017 VA examiner did not adequately discuss the post-service findings of PTSD and depression in the record. Furthermore, in an August 2018 VA psychology note with treatment summary, the Veteran’s treating VA psychologist provided divergent findings, noting that a military traumatic event was a contributing factor to the Veteran’s diagnosed psychiatric disorder. Thus, the Board will not proceed with final adjudication of this claim until a competent VA medical examination/medical opinion is provided to clarify the nature and etiology of the Veteran’s claimed acquired psychiatric disorder on appeal.

The matter is REMANDED for the following action:

1. Obtain a VA examination to clarify the nature and etiology of the Veteran’s claimed acquired psychiatric disorder. The electronic claims file must be made available to the examiner, and the examiner must specify in the report that the electronic claims file has been reviewed. The medical opinion and examination report should include discussion of the Veteran’s medical history as contained in the record. 

The Veteran has asserted that he has PTSD due to the reported in-service stressor of death of a patient in surgery during his residency (while on an anesthesia rotation) in 1986. He indicated that he was blamed for the incident by the surgeon (who had improperly clamped the patient’s aorta) and was left to prepare the patient for the morgue. The examiner should be provided with a list of the Veteran’s verified stressors. If no stressor has been independently verified or found adequate under 38 C.F.R. § 3.304, notify the examiner before the date of the examination.

Following a review of the evidence of record and with consideration of the clinical evaluation findings, as well as the Veteran’s statements of record, the examiner must provide diagnoses for all psychiatric disorders found. If the diagnosis of PTSD is deemed appropriate, the examiner must provide an opinion as to whether the diagnosis is at least as likely as not (50 percent probability or greater) related to any verified in-service stressor. The examiner must state the specific findings upon which these opinions are based.

If a diagnosis of any psychiatric disorder other than PTSD is found to be warranted, the examiner should opine as to whether it is at least as likely as not (50 percent probability or greater) that any currently or previously diagnosed acquired psychiatric disorder, to include GAD as well as depression, onset during or was causally related to events in service. In doing so, the examiner should acknowledge and discuss the findings in the service treatment records, service personnel records, the March 1986 Operation Request and Worksheet, the post-service VA treatment records, the Veteran’s post-service heart surgery in 2005, the April 2017 VA examination report/medical opinion, and the August 2018 VA psychology note with treatment summary provided by the Veteran’s treating VA psychologist. 

Rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s). The Veteran is hereby advised that failure to report for any scheduled VA examination without good cause shown may have adverse effects on his claim. 38 C.F.R. § 3.655 (2019).

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. D. Deane, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.